IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY ULUKIVAIOLA,

      Petitioner,                    No. CIV S-10-1350 WBS EFB P

    vs.

L.S. McEWEN, Warden,

      Respondent.                FINDINGS AND RECOMMENDATIONS
_____/

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the May 24, 2010 petition. Respondent moves to dismiss on the ground that petitioner failed to exhaust state remedies with respect to certain of his federal claims. Petitioner opposes, asserting that he effectively raised all claims below. For the reasons explained below, the court finds that the petition contains an unexhausted claim and therefore must be dismissed with leave to file an amended petition that contains only exhausted claims.

////
////
////
////

1

## I.     Procedural History

On March 2, 2007, petitioner was convicted of first-degree murder, among other charges, after participating in the robbery and murder of a drug dealer. Dckt. No. 1 at 2, 8-19.[1] Petitioner's direct appeal of his conviction to the California Court of Appeal was denied, as was petitioner's petition for review filed with the California Supreme Court. Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof  (hereinafter "Lodg. Docs.") Nos. 1-6.  Petitioner has not filed any other requests for review of his conviction in the California Supreme Court.

## II.    Exhaustion of State Remedies

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to

---

[1] Page references herein refer to page numbers assigned by the court's electronic docketing system and not those assigned by the parties.

2

exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a petition contains both unexhausted and exhausted claims, the petition must be dismissed with leave to amend to allow the petitioner to file an amended petition stating only exhausted claims (either by exhausting the previously unexhausted claims prior to filing the amended petition or by deleting the unexhausted claims from the petition). *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Calderon v. U.S. Dist. Ct. (Taylor)*, 134 F.3d 981. 986 (9th Cir. 1998); *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). Alternatively, the petitioner may seek a stay of the federal proceedings while he attempts to exhaust the unexhausted claims. *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) (outlining two avenues for seeking a stay, one under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and one under *Rhines v. Weber*, 544 U.S. 269 (2005)). Petitioner has not requested a stay in this case.

**III.  Analysis**

Broadly stated, petitioner's sole claim in his federal petition is that the admission of a non-testifying co-defendant's out-of-court statements violated his confrontation and due process rights as articulated by the U.S. Supreme Court in *Bruton v. United States*, 391 U.S. 123 (1968). Dckt. No. 1 at 24-28. Petitioner raised this claim in his California Supreme Court petition for review. However, respondent contends that, as articulated in the federal petition, the claim now includes two sub-claims that were not raised below.

Specifically, respondent argues that the federal petition claims for the first time: (1) that admission of non-testifying co-defendant Taholo's out-of-court statements to his girlfriend about the robbery (the "robbery hearsay") for the limited purpose of corroborating co-perpetrator Fahiua's testimony violated the Sixth Amendment and due process "in and of itself" (Dckt. No. 17, Mot. to Dism. at 4) and (2) that admission of Taholo's out-of-court statements to his girlfriend about threats made against her (the "threats hearsay") should have been excluded under *Bruton* (*id.*). As to the first purported sub-claim, petitioner states that he is not separately arguing that the admission of the statements for the purpose of corroboration violated his constitutional rights, but that he is merely pointing out that the state courts' determination that the statements were admissible for purpose of corroboration illustrates that the statements inculpated him and thus were inadmissible under *Bruton*. Dckt. No. 20 at 3. As to the second purported sub-claim, petitioner concedes that he did not "delineate the exact portion of the taped statements" that included the threats hearsay. He contends, however, that by generally challenging Taholo's "statements," he sufficiently apprised the state courts that he challenged *all* of Taholo's out-of-court statements, including the threats hearsay.

The undersigned agrees with respondent in part and with petitioner in part. The petition, while not a model of clarity as to the precise grounds raised, does not appear to raise a separate claim that admission of the robbery hearsay for the purpose of corroboration violated the Sixth Amendment and due process in some way other than that covered by *Bruton* (which held that admission of out-of-court statements of a non-testifying co-defendant that implicated the defendant violated the Sixth Amendment's Confrontation Clause as well as due process). As the court understands the petition, and in reliance on petitioner's representation of his claims in his opposition to the motion to dismiss, petitioner argues that the robbery hearsay, which was admitted solely for the limited purpose of corroborating other testimony, violated the confrontation clause and due process because it inculpated him; i.e., the corroborative nature of the robbery hearsay did not take it outside the rule of *Bruton* but rather illustrated that it fell

4

within that rule. Accordingly, the undersigned finds that the first sub-claim identified by respondent is part-and-parcel of petitioner's *Bruton* argument that was presented below and is accordingly exhausted.

However, the undersigned has reviewed the California Supreme Court petition for review and concludes that petitioner did not fairly present his claim regarding the threats hearsay to that state court. Petitioner did not, as he now argues, broadly challenge *all* of Taholo's out-of-court statements, including the threats hearsay, in his state petition for review. Instead, he very specifically challenged the robbery hearsay and only the robbery hearsay in the portion of his petition contending that the trial court had run afoul of *Bruton*. Lodg. Doc. No. 5 at 10 (challenging "former co-defendant Taholo's extrajudicial statements to a former paramour *regarding the robbery*" (emphasis added)), 11-12 (arguing that Taholo's statements "conveyed that he was not the shooter, so a cohort must have fired the fatal shot," "indicated that he [Taholo] did not act alone," implied that someone other than Taholo bound the murder victim's girlfriend, and stated that another co-perpetrator's truck had been used in the robbery). The *Bruton* challenge in petition for review very clearly focuses solely on the robbery hearsay and does not mention the threats hearsay. Because the inquiry under *Bruton* is fact specific – whether an out-of-court statement's admission violates the Constitution depends on the content of the statement itself – the state court could not be expected to *sua sponte* review the record for any and all of Taholo's out-of-court statements to determine whether they were admissible under *Bruton* when petitioner himself identified only the statements pertaining to the robbery. Thus, the undersigned concludes that petitioner failed to fairly present to the state court his claim that admission of the threats hearsay violated the Confrontation and Due Process Clauses under *Bruton*, and this claim thus remains unexhausted.

////

////

////

**IV.      Recommendation**

Because the petition contains an unexhausted claim, it is hereby RECOMMENDED that respondent's January 13, 2011 motion to dismiss be granted without prejudice, and that petitioner be granted leave to file an amended petition containing only exhausted claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  August 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE